# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHYLLIS JONES,**

**Plaintiff,**

-vs-                                                  **Case No.  6:07-cv-556-Orl-19KRS**

**GALIANO CAREER ACADEMY, INC.,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **JOINT NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL (Doc. No. 22)**
>
> **FILED:**       **October 31, 2007**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201, *et seq*.

The parties have reached a settlement agreement and seek court approval of that agreement.  In *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit

explained that claims for back wages under the FLSA may only be settled or compromised when the

Department of Labor supervises the payment of back wages or when the district court enters a

stipulated judgment "after scrutinizing the settlement for fairness."  *Id.* at 1353.

In reviewing the settlement agreement submitted by the parties, doc. no. 25-2, and the plaintiff's answers to interrogatories, doc. no. 10, it appears that Plaintiff Phyllis Jones is receiving an amount in the settlement agreement greater than the amount she sought for unpaid wages, exclusive of liquidated damages, under the FLSA.  When, as here, a case is resolved by payment of the full amount of wages allegedly due under the FLSA, the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

The settlement agreement purports to be confidential.  Doc. No. 25-2 ¶ 6.  Because the settlement agreement has been filed in the public record, any confidentiality has been lost.  Pursuant to the severability provision, the settlement agreement remains enforceable.  *Id.* ¶ 17.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, except for the confidentiality provision, and dismiss the case with prejudice, pursuant to the agreement of the parties.  I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 8, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy